UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

WATKINS MOTOR LINES, INC.,
a Florida Corporation,

        Plaintiff,

        Case No. _____

vs.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, CARI M. DOMINGUEZ,
  individually and as Chair, Equal Employment
Opportunity Commission, and ERIC DREIBAND,
  individually and as General Counsel of the
  Equal Employment Opportunity Commission,

        Defendants.

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL PRODUCTION OF AGENCY RECORDS, AND PETITION FOR MANDAMUS

COMES NOW, Watkins Motor Lines, Inc, Plaintiff herein through undersigned counsel, and respectfully alleges:

### NATURE OF THE ACTION

1.     This is an action by Watkins Motor Lines, Inc. ("Watkins") brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to obtain declaratory and injunctive relief to enjoin Defendants from withholding from public disclosure certain records of the Equal Employment Opportunity Commission, United States Government, within their possession and control, to compel production of agency records, and to review final agency

Case No. _____

action refusing to permit Watkins to procure copies of data or evidence submitted by Watkins to the agency on payment of lawfully prescribed costs. Alternatively, Watkins petitions to obtain a writ of mandamus, to prohibit the violation of and require Defendants to abide by the Administrative Procedure Act ("APA"), including 5 U.S.C. § 555(e), and to abide by the published rules and policies of the EEOC, including without limitation the rules and policies of the National Labor Relations Board implementing 29 U.S.C. § 161, incorporated by reference and made applicable to EEOC investigations through 42 U.S.C. § 2000e-9.

## PARTIES

2.      Watkins Motor Lines, Inc. ("Watkins") is a corporation incorporated under the laws of the State of Florida, with its corporate headquarters located at 1144 W. Griffin Road, Lakeland, Florida 33801, in Polk County, Florida. Watkins is a requester and a complainant pursuant to the federal Freedom of Information Act and records sought by Watkins from and improperly withheld by the Defendants.

3.      Defendant Cari M. Dominquez is the Chair of the United States Equal Employment Opportunity Commission. As such, she has overall responsibility for all aspects of the operation of the EEOC and is authorized to act on behalf of the EEOC with respect to release to the public of agency records requested pursuant to FOIA, and with respect to compliance with the Administrative Procedure Act, Title VII, and rules and policies promulgated pursuant to those statutes.

-2-

Case No. _____

4.     Defendant Equal Employment Opportunity Commission ("EEOC") is an agency of the United States headquartered in Washington, D.C. It is an "agency" within the meaning of FOIA and is required by FOIA to make available to the public all records in its possession and control which are not covered by 5 U.S.C. § 552(b). The defendant agency has possession of the records to which Watkins seeks access. It has an office within this judicial district and division at 501 East Polk Street, Suite 1000, Tampa, Florida.

5.     Defendant Eric Dreiband is General Counsel of the Equal Employment Opportunity Commission. He has been delegated authority for decision of appeals from adverse initial determinations on record disclosure requests under the Freedom of Information Act, by regulations of the Equal Employment Opportunity Commission at 29 C.F.R. § 1610.11. The decision denying access to certain records of the Equal Employment Opportunity Commission, on appeal of the denial of Plaintiff's request by the Regional Attorney of EEOC Chicago District Office, was made by his designee.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction of this action under 28 U.S.C. § 1331; under the Freedom of Information Act, 5 U.S.C. § 552, in that this action is to compel production of agency records improperly withheld from the Plaintiff within the meaning of 5 U.S.C. § 552(a)(4)(B); and under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, as applied to the EEOC's obligations pursuant to 29 U.S.C. § 161, incorporated by reference and made

-3-

Case No. _____

applicable to EEOC investigations through 42 U.S.C. § 2000e-9. This Court has jurisdiction

over Plaintiff's mandamus petition pursuant to 28 U.S.C. § 1361.

7.      Venue is proper in the district where the Plaintiff resides and has its corporate

office pursuant to 5 U.S.C.§ 552(a)(4)(B). Venue also is proper in this district pursuant to 28

U.S.C. § 1391(e), as Defendants are an agency of the United States and officers or employees of

the United States purporting to act in their official capacity or under color of legal authority. The

agency resides and may be found within this judicial district and division at 501 East Polk Street,

Suite 1000, Tampa, Florida 33602.

## FACTUAL BACKGROUND

8.      On information and belief, an individual charge of discrimination was filed with

the EEOC on September 14, 2004 by charging party Lyndon Jackson. The charge alleged that

Mr. Jackson was denied employment as a part time freight worker with Watkins Motor Lines

because of "aggravated criminal sexual abuse" and that the refusal to hire Mr. Jackson because

of his conviction for a violent crime constituted unlawful discrimination, apparently due to

adverse impact because of his race in violation of Title VII of the Civil Rights Act.

9.      In October of 2004, Watkins submitted to the EEOC a statement of position and

evidence on the charge, stating in part that Watkins "did not hire Mr. Jackson in August, with a

conviction of aggravated sexual abuse, a violent crime. We must provide a safe work

environment for our employees free of harassment, violence, injury or the potential for the

propensity of the same".

-4-

Case No. _____

10.     After submission of its position statement, Watkins further clarified and explained to the EEOC its current policy regarding the use of past criminal convictions in selection decisions, in response to requests for information made by telephone in early November, 2004 and again in early January, 2005, from the EEOC investigator.

11.     In December of 2004, the EEOC requested an on-site inspection of voluminous applicant-related records at Watkins' Schaumburg, Illinois location.  After Watkins provided the EEOC with a rough estimate of the volume of documentation which the EEOC was seeking to inspection, and advised that the inspection was unduly cumbersome for Watkins, the EEOC narrowed the scope of its inspection and requested that only a portion of that documentation be copied for the EEOC.

12.     On December 16, 2004, the EEOC conducted an on-site inspection of the requested records at the Schaumburg facility.   During the inspection, additional documentation was requested and was provided to the EEOC by Watkins.  Copies of selected documents as requested by the EEOC were provided to the agency on December 16 and December 21, 2004.  Watkins did not retain copies of the documents provided to the agency in the course of the agency's investigation.

13.     On January 20, 2005, the EEOC sent to Watkins a request for information. Upon receipt of the EEOC's letter containing a renewed request for voluminous company records which would involve substantial time and effort to produce, and the EEOC's invitation in the same letter to contact the agency if the company wished to discuss settlement of the matter,

-5-

Case No. _____

Watkins contacted the EEOC and advised that the company wished to enter into settlement discussions. The EEOC advised Watkins that it would not settle the charge at that time, prior to a response to the EEOC's burdensome document requests.

14.    By letter of February 7, 2005, Plaintiff confirmed by letter to the EEOC its requests made by telephone for copies of all documents provided to the EEOC to date by Watkins, so that Watkins could know what documents covered by the EEOC's current request for information had already been provided to the EEOC and would not need to be copied again. In that same letter, Watkins requested information regarding the agency's theory on the charge in order to evaluate the agency's pending information requests, and sought the agency's position regarding settlement without first providing the documentation sought in the EEOC's burdensome document requests. (A copy of this correspondence is attached as Ex. A).

15.    When no response was received to Watkins' request for copies of the documents it had provided to the EEOC, and when the EEOC failed to address Watkins' concerns regarding the agency's refusal to participate in good faith settlement discussions and refusal to allow settlement of the charge without production of voluminous documentation to the agency by Watkins, Plaintiff on February 11, 2005 sent follow up correspondence to the agency regarding both of these matters. (A copy of this correspondence is attached as Ex. B).

16.    By letter of February 16, 2005, the agency responded to Watkins' request for copies of documentation it had provided to the agency by stating in part that if Watkins "plans to not cooperate with the Commission's request, it is unlikely that we would furnish you with the

-6-

Case No. _____

copies" requested of documentation provided by Watkins to the agency. As to the matter of settlement of the charge without first making a burdensome and voluminous production of documents to the agency, in the same letter the EEOC stated it would consider a proposal if Watkins "would like to admit that it has violated Title VII, identify how it violated Title VII, and suggest changes it can make to its policies and practices to ensure that no future violations occur, and offer a suggestion as to appropriate 'make whole' relief for any affected parties". (A copy of this correspondence is attached as Ex. C).

17.    In response to the EEOC's February 16 correspondence and statement that it would consider a proposal, by letter of February 17, 2005 and accompanying proposed settlement agreement, Watkins made a proposal for resolution of the charge. In that submission, Watkins noted its prejudice from the EEOC's refusal to provide Watkins with copies of the documentation which Watkins had provided to the EEOC in the investigation to date. (A copy of this correspondence and proposed settlement agreement is attached as Ex. D).

18.    By letter of February 22, 2005, the EEOC denied Watkins' proposed settlement. As to this denial, the EEOC's statement consisted in its entirety of the following: "The EEOC has received and reviewed your Settlement Agreement proposal and carefully considered it. Please be advised that the Settlement Agreement attached is unacceptable to the EEOC." No statement as to the grounds for the denial of Watkins' proposed settlement was provided. (A copy of this correspondence is attached as Ex. E).

-7-

Case No. _____

19.   On February 22, 2005, Watkins brought an action for declaratory and injunctive relief in this Court, in the case of *Watkins Motor Lines, Inc. v. Cari M. Dominguez et al.*, Case No. 8:05-CV-341-T-24MAP, to review the EEOC's action refusing to permit or accept settlement of the Jackson charge consistent with Watkins' proposal, which settlement would allow Watkins to continue to refuse to hire convicted violent criminals in light of the company's recent tragic history of worker-on-worker workplace violence.  That suit remains pending in this Court.

20.   Plaintiff thereafter filed with the EEOC on February 24, 2005, through the Regional Attorney of the EEOC, Chicago District Office, a letter requesting certain agency records under FOIA, including without limitation copies of all documents and records provided to the EEOC by Watkins Motor Lines in the course of the EEOC's investigation of the charge by Mr. Jackson against Watkins. (A copy of this request is attached as Ex. F).

21.   Watkins' FOIA request was denied in its entirety by letter of the Regional Attorney, John C. Hendrickson, dated March 9, 2005, on the ground that the requested material was exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(a).  (A copy of the letter denying Watkins' request in its entirety is attached as Ex. G).

22.   Thereafter Watkins was served with an administrative subpoena from the agency, again seeking voluminous documentation from Watkins as part of the EEOC's putative investigation into the charge of Mr. Jackson. (A copy of administrative subpoena is attached as Ex. H).

-8-

Case No. _____

23.     By letter from its counsel dated April 12, 2005, Watkins administratively appealed

the decision of the Regional Attorney denying Watkins' FOIA request to the Assistant Legal

Counsel of the EEOC in Washington, D.C., under the statutory rights accorded by 5 U.S.C. §

552(a)(6)(A).  The appeal states in part that:

> providing Watkins with copies of what Watkins has already produced to the EEOC in its
> investigation actually aids in, rather than interferes with, the EEOC's investigation by
> serving to remedy at least in part certain valid objections that Watkins has to compliance
> with the EEOC's pending subpoena.  More specifically, the above-referenced subpoena
> is unduly broad and unreasonably burdensome, and therefore properly subject to
> revocation in whole or in part in any subpoena enforcement proceeding, to the extent it
> calls upon Watkins to produce again materials already in the EEOC's possession.
> ...Providing Watkins in response to its FOIA request with copies of what it had produced
> to the EEOC in its investigation to date would tend to ameliorate this objection.

(A copy of this appeal is attached as Ex. I).

24.     Thereafter on about April 18, 2005, Watkins filed a timely petition to revoke the

EEOC's administrative subpoena, based in part upon the burdensomeness and overbreadth of

certain of the requests due to Watkins having already produced certain of those documents to the

EEOC and the EEOC's refusal to provide copies of those documents to Watkins at Watkins'

expense, to ascertain what documents were already in the agency's possession and thus would

not need to be produced again.  As of the filing of this action, Watkins has not received from the

EEOC a ruling on its petition to revoke.

25.     By letter dated May 11, 2005, received by Watkins' counsel on May 23, 2005,

the EEOC by Stephanie D. Garner, Assistant Legal Counsel/FOIA, as designee of EEOC General

Counsel, denied Plaintiff's appeal, finally denying Plaintiff's request by again alleging that the

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130  •  TELEPHONE (305) 789-3200

Case No. _____

documents were exempt from disclosure as privileged under FOIA exemption 7(a). (A copy of

the letter denying Plaintiff's appeal is attached as Exhibit J).

## COUNT I -- VIOLATION OF 5 U.S.C. § 552
## AND IMPLEMENTING ADMINISTRATIVE POLICIES AND PROCEDURES

26.    Plaintiff incorporates by reference paragraphs 1 through 25 above.

27.    Pursuant to FOIA, 5 U.S.C.§ 552(a)(2), Plaintiff is entitled to disclosure of the

agency records sought, including without limitation records provided to the agency in the course

of its investigation by the Plaintiff.

28.    Defendant EEOC has no legal basis for its actions in withholding the agency

records requested, and has improperly withheld the agency records requested.

29.    Plaintiff has exhausted its administrative remedies as provided in FOIA and agency

regulations.

WHEREFORE, Plaintiff prays that this Court declare that production and disclosure by

Defendant EEOC of the records sought by Plaintiff is required by FOIA and compel disclosure

of said records; award Plaintiff its fees and costs in this action as provided in 5 U.S.C. §

552(a)(4)(E); and grant such other and further relief as the Court may deem just and proper.

-10-

Case No. _____

## COUNT II -- VIOLATION OF  29 U.S.C. § 161 AND 42 U.S.C. § 2000e-9
## AND IMPLEMENTING ADMINISTRATIVE POLICIES AND PROCEDURES

30.     Plaintiff incorporates by reference paragraphs 1 through 25 above.

31.     Pursuant to 29 U.S.C. § 161, applicable to the EEOC through 42 U.S.C. § 2000e-

9, and the NLRB's implementing rules and policies, Plaintiff is entitled to procure from the

agency copies of data or evidence submitted by Plaintiff to the agency in the course of the

agency's investigation on payment of lawfully prescribed costs for such copies.

32.     Plaintiff has requested copies of the data or evidence submitted by it to the agency

in the course of the agency's investigation, and has offered payment of the costs for such copies,

but Defendant EEOC has denied Plaintiff's request.

33.     Defendant EEOC offers no legal basis for its actions in denying Plaintiff's requests

for copies of data or evidence submitted by Plaintiff to the agency, and the agency's conduct is

therefore arbitrary, capricious, an abuse of discretion, and/or in bad faith.

34.     Defendant EEOC's conduct in denying Plaintiff's request for copies of data or

evidence submitted by Plaintiff to the agency in light of Plaintiff's offer of payment of the costs

for such copies, constitutes final agency action reviewable by this Court.

WHEREFORE, Plaintiff prays that this Court declare that production to Plaintiff of copies

of the documents, data and evidence provided by Plaintiff to the agency is required by statute and

implementing regulations, and that the agency's refusal to provide such copies is arbitrary,

capricious, an abuse of discretion and/or in bad faith; compel production of such copies to

-11-

Case No. _____

Plaintiff upon payment of the costs for such copies; and grant such other and further relief as the Court may deem just and proper.

**COUNT III**
**ACTION TO COMPEL AN AGENCY, BY ITS OFFICERS OR EMPLOYEES,**
**TO PERFORM A DUTY OWED**

35.     Plaintiff incorporates by reference paragraphs 1 through 25 above.

36.     The Mandamus Act, 28 U.S.C. § 1361, provides that "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

37.     The EEOC, through its officers and employees including its Chair and its General Counsel, has a duty pursuant to 5 U.S.C. § 555(e) to provide together with notice of the denial of a request by an interested person to an agency "a brief statement of the grounds for denial".

38.     The EEOC, through its officers and employees, has a duty to provide copies of data and evidence, including without limitation documentation, provided by Plaintiff to the agency in the course of its investigation, upon request by Plaintiff and a commitment to pay the costs of such copies.

39.     The EEOC, through its officers and employees, has a duty to provide agency records upon request and has improperly withheld the records requested by Plaintiff under the Freedom of Information Act.

40.     Because Defendants engaged in an abdication of these duties by (1) failing to provide an adequate statement of the grounds for denial of Plaintiff's request for copies of data

-12-

Case No. _____

and documents provided to the agency in its investigation, (2) failing to provide an adequate

statement of the grounds for denial of Plaintiff's proposed settlement, and/or (3) failing to provide

copies of data and evidence, including without limitation documentation, provided by Plaintiff to

the agency in the course of its investigation upon request by Plaintiff and a commitment to pay

the costs of such copies, the extraordinary remedy of mandamus should lie.

WHEREFORE, Plaintiff petitions this Court for a writ of mandamus, compelling the

agency, through its Defendant officers and employees, to perform the duties owed to Plaintiff as

set forth in this Court, and grant such other and further relief as the Court may deem just and

proper.

Dated this 7th day of June, 2005.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Attorneys for Plaintiff
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:   (305) 789-3200
Facsimile:   (305) 789-3395


By:___s/ Joan M. Canny_____
        JOAN M. CANNY
        Florida Bar No. 0492531
        jcanny@swmwas.com


-13-