UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

WATKINS MOTOR LINES, INC.,             Case No. 8:05-CV-01065-SCB-TBN
a Florida Corporation,

        Plaintiff.

vs.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, ET AL.,

        Defendants.
_____/

**PLAINTIFF'S MOTION FOR EXPEDITED PRODUCTION OF *VAUGHN* INDEX
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, Watkins Motor Lines, Inc., and hereby moves for an order directing Defendants to produce the *Vaughn* index in this case on an expedited basis. In support Plaintiff states as follows.

### Introduction

Plaintiff brings this three-count action against the Equal Employment Opportunity Commission ("EEOC") and certain of its officials, for production of documents improperly withheld under the federal Freedom of Information Act ("FOIA"), for compliance with the Administrative Procedures Act (APA), including 5 U.S.C. § 555(e), and for mandamus. With respect to Plaintiff's FOIA claim in particular, Plaintiff seeks production of the EEOC file concerning a particular charge of discrimination, including all documents provided to the EEOC by the Plaintiff in the course of the EEOC's investigation of that charge.

Case authority provides for production of a so-called *Vaughn* index in FOIA cases. *Vaughn v. Rose*, 484 F.2d 820 (D.C.Cir. 1973) *cert. denied*, 415 U.S. 977 (1974). A *Vaughn* index is generally a log providing specific information regarding materials withheld under FOIA and the

production of which is at issue in a FOIA enforcement action. The Defendants have represented to this Court that they are prepared to provide the Plaintiff with a *Vaughn* index in this action. *See* Def. Motion to Re-designate (D.E. 8); Case Management Report (D.E. 9). The only dispute, therefore, is the timing of the production of that *Vaughn* index.

The EEOC's position is that production of the *Vaughn* index should be contemporaneous with the filing of the Defendants' motion for summary judgment.[1] Because the EEOC's intended delay in production of the *Vaughn* index until the dispositive motions deadline – a deadline equally applicable to Plaintiff as to Defendants – is inconsistent with the purposes behind a *Vaughn* index and also interferes with the Court's ability to resolve the issues in this action on summary judgment, Plaintiff respectfully moves the Court for an order for production of the *Vaughn* index on an expedited basis, within 20 days of the Court's order or at such other time as the Court deems appropriate well in advance of the January 3, 2006 dispositive motions deadline set by the Court.

## Discussion

As noted above, the Defendants have represented to the Court that they are prepared to produce a *Vaughn* index in this action, but maintain that the deadline should be concurrent with the filing of Defendants' motion for summary judgment. Because the *Vaughn* index is a creature of case law, the timing of the production of a *Vaughn* index is not addressed in the Freedom of Information Act itself. However the "priority of civil actions" mandate set forth in 28 U.S.C. § 1657(a) provides that a court "shall expedite the consideration of any action…if good cause therefore is shown", and the federal statutes covered by this provision expressly include the Freedom of Information Act.

---

[1] In the Case Management Report, the Defendants state their position that "the *Vaughn* index should be provided at the time of filing Defendant's motion for summary judgment." (D.E. 9, Section 3, *Disagreement or Unresolved Issues Concerning Discovery Matters*). In the Defendants' Motion to Re-designate this Action as Track One, the Defendants propose that the deadline to produce a *Vaughn* index and the deadline to file any dispositive motions should be the same. (D.E. 8, Defendants' Proposed Track One Scheduling Order).

*See id.* Furthermore, this statutory mandate to expedite actions under federal statutes where good cause is shown, has been held to constitute direct guidance from Congress to the courts "for determining the propriety of the timing of a response to a *Vaughn* index request." *Ferguson v. F.B.I.*, 722 F.Supp. 137, 1144 (S.D.N.Y. 1989). In consequence, district courts have balanced the equities in determining the appropriate timing of an agency's production of a *Vaughn* index. *Id.*; *see also Knight Publishing Co. v. U.S. Dep't of Justice*, 608 F.Supp. 747 (W.D. N.C. 1984). Good cause exists here for production of a *Vaughn* index on a prompt and expedited basis, as the balancing of equities, informed by the purposes underlying the *Vaughn* index, clearly weighs in favor of early production.

> The purposes served by a *Vaughn* index are the following:
>
> 1) it forces the government to carefully scrutinize the materials it wishes to withhold; 2) it enables the trial court to have a basis upon to which to rule in the applicability of the FOIA exemption claimed and 3) it enables the adversary system to operate by giving the requestor as much information as possible, on the basis of which he can present his case to the trial court.

*Lykins v. U.S. Dep't of Justice*, 725 F.2d 1455, 1463 (D.C.Cir. 1984), *citing Vaughn*, 484 F.2d 820. The second and third considerations, in particular, weigh heavily in favor of an early production of the *Vaughn* index in this case.

First, production of a *Vaughn* index well in advance of the summary judgment deadline is necessary so that Watkins may fairly prepare its <u>own</u> motion for summary judgment to the Court. In taking the position that the *Vaughn* index should be provided contemporaneously with its filing of a motion for summary judgment – and implying that production at that time will provide Watkins adequate notice about the information at issue to prepare a response to the EEOC's motion – the EEOC ignores the fact that <u>Watkins desires to file a motion for summary judgment also</u>. As there is one deadline set for dispositive motions in this case, unless Watkins receives the *Vaughn* index

3

well in advance of that dispositive motions deadline it will not have the information necessary to "enable[] the adversary system to operate by giving the requestor as much information as possible, on the basis of which he can present his case to the trial court". *See Lykins*, 725 F.2d at 1463.

Moreover, even if Watkins did not intend to cross-file for summary judgment in this case, postponement of production of the *Vaughn* index until the EEOC's summary judgment would still be prejudicial. Courts have rejected contentions from government agencies in the past that production of a *Vaughn* index be postponed until the filing of the agency's summary judgment motion as "unfair" and "insufficient". *See Hansen v. Dep't of Air Force*, 1999 WL 199748 (D.D.C. April 15, 1991) ("It would be unfair to allow the [defendant] months to prepare its case and then force the [plaintiffs] to formulate their entire case within the two weeks they have to respond to that motion."); *Providence Journal Co. v. U.S. Dep't of the Army*, 769 F.Supp. 67, 69 (D.R.I. 1991) ("defendant's argument that this Court should wait until it files a dispositive motion [is] insufficient and sterile."). Thus even in circumstances where the plaintiff's anticipated need for a *Vaughn* index is to respond to the agency's motion for summary judgment, production of the *Vaughn* index at the time of the agency's summary judgment motion has been deemed prejudicial to the plaintiff. Such prejudice is all the greater here, where Plaintiff fully anticipates filing a cross-motion for summary judgment at the same time as the Defendants' motion.

In addition, as noted by the *Lykins* court, not only is the plaintiff prejudiced but the adversary system itself is disserved by a late production of the *Vaughn* index. Where the requestor – in this case Watkins – lacks adequate information about the nature of the documents withheld, the requestor cannot address with specificity on summary judgment the merits of the agency's reasons for withholding those materials from production under FOIA, which in turn interferes with the Court's ability to resolve a matter on summary judgment that is otherwise well-suited to summary decision.

4

In consequence, by delaying in providing information about withheld materials through an early *Vaughn* index, and thereby preventing the issues presented by those withheld documents from being fully and carefully addressed in the summary judgment papers, the EEOC makes it more likely that the dispute in this case will be deferred to trial, contrary to the interests of judicial economy and the early resolution of litigation.

Finally, the need for early production of detailed information about the withheld materials, so that the Court may have before it sufficient information about the withheld materials to rule on the applicability of the FOIA exemption claimed, is particularly acute where, as in this case, <u>all</u> materials responsive to the FOIA request at issue have been withheld from production, and that "wall to wall" withholding has been justified solely on a conclusory basis. *See* EEOC's letter denying Plaintiff's FOIA request in its entirety, attached to Plaintiff's complaint. Given the blanket refusal to turn over the requested records here, coupled with the lack of justification for that withholding other than a conclusory recitation of exemption number, not only the Plaintiff but also the <u>Court</u> are disadvantaged, as both the Plaintiff and the Court are forced to "only speculate as to exact nature of the withheld documents." *Long v. U.S. Dep't of Justice*, 10 F.Supp.2d 205, (N.D.N.Y. 1998). For all these reasons, an order directing expedited production of the *Vaughn* index in this case is in the interest of the parties and the Court.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order directing the Defendants to produce an appropriate *Vaughn* index within 20 days of the Court's Order, or at such time as the Court deems appropriate well in advance of the dispositive motion deadline in this case.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), counsel for the Plaintiff conferred with counsel for the Defendants and is authorized to represent that Defendants are opposed to the submission of a *Vaughn* index prior to the filing of a dispositive motion and as such, oppose the relief requested in this motion.

Dated this 6th day of October, 2005.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Attorneys for Plaintiff
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:   (305) 789-3200
Facsimile:    (305) 789-3395


By:   /s/ Joan M. Canny
      JOAN M. CANNY
      Florida Bar No. 0492531
      jcanny@swmwas.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Defendants' counsel Erin Norris at: erin.norris@eeoc.gov.

          /s/ Joan M. Canny
      JOAN M. CANNY, ESQUIRE

G:\W-LIT\37587\001\mot-compel-vaughnF.wpd