UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WATKINS MOTOR LINES, INC.,
a Florida corporation,

            Plaintiff,                      CASE NO.  8:05-CV-01065-SCB-TBN

vs.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION; CARI M. DOMINGUEZ,
individually and as Chair, Equal
Employment Opportunity Commission;
and ERIC DREIBAND, individually and
as General Counsel of the Equal Employment
Opportunity Commission,

            Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE
ORDER OR ORDER TO PRECLUDE DISCOVERY**

      Watkins Motor Lines, Inc., in Opposition to Defendants' Motion for Protective Order or

Order to Preclude Discovery, states as follows.

**BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff brings this three count action against the Equal Employment Opportunity

Commission ("EEOC") and certain of its officials, for production of documents improperly

withheld under the Freedom of Information Act ("FOIA"), for compliance with the Administrative

Procedures Act ("APA"), including 5 U.S.C. §555(e), and for mandamus.  With respect to

Plaintiff's FOIA claim in particular, Plaintiff seeks production of the EEOC file concerning a

particular charge of discrimination, including all documents provided **to** the EEOC by the Plaintiff

in the course of the EEOC's investigation of that charge.

CASE NO.  8:05-CV-01065-SCB-TBN

On October 6, 2005, Plaintiff filed a motion for expedited production of a *Vaughn* Index, D.E. 14, in light of the EEOC's position that a *Vaughn* Index should not be provided until the filing of the EEOC's motion for summary judgment.  *See* D.E. 8, 9.  In its motion, Plaintiff noted that the EEOC's intended delay in production of the *Vaughn* index until the dispositive motions deadline – a deadline equally applicable to Plaintiff as to Defendants – not only was inconsistent with the purposes behind a *Vaughn* index, but also interfered with the Court's ability to resolve the issues in this action on summary judgment; one of the purposes served by a *Vaughn* index is to enable the trial court to have a basis upon which to rule on the applicability of the FOIA exemption claimed.

In its Opposition, the EEOC backed away from its representations in the Case Management Report and its Motion to Redesignate that it was prepared to submit a *Vaughn* Index, asserting that a *Vaughn* index "is not a requirement *per se* in FOIA litigation" and moreover that a detailed, document-specific listing of materials withheld under FOIA should not be required.  *See* D.E. 15.   As to Plaintiff's request for an expedited production of the *Vaughn* Index, the EEOC asserted that the information necessary for the Court to make a decision on the categorical denial of Plaintiff's FOIA request under exemption 7(a) would be provided to the Court "in the form of detailed declarations, submitted as attachments to and in support of Defendants' summary judgment motion", thus appearing to suggest it no longer intends to file a *Vaughn* Index at all.  The EEOC contended it not only would be "inefficient", but would in fact

2

CASE NO.  8:05-CV-01065-SCB-TBN

be "counterintuitive", to require the EEOC to provide such information <u>before</u>, rather than contemporaneously with, the filing of its motion for summary judgment in this case.

Finally, as to Plaintiff's point that it, too, wishes to file a motion for summary judgment and thus requires information regarding the documents withheld sufficient to allow Plaintiff a fair opportunity to prepare its motion, the EEOC stated:

> Plaintiff is not without information regarding what documents have been withheld.  In its response to Plaintiff's administrative appeal under the FOIA, EEOC provided a listing of the categories of documents that were withheld under Exemption 7(A).  *See* Pl.'s Ex. J.

D.E. 15, p. 4.  Plaintiff's motion for an expedited *Vaughn* Index is presently pending before the Court for decision.

Following Defendants' Opposition to an expedited *Vaughn* Index, including Defendants' suggestion that no *Vaughn* Index should be required at all in this action and that information about the withheld documents had been provided in Exhibit J to the Complaint (the EEOC's denial of Watkins' administrative appeal of its FOIA request), Plaintiff issued interrogatories and a notice of 30(b)(6) deposition to the EEOC.  Those interrogatories and 30(b)(6) deposition topics seek information about the FOIA Count of Plaintiff's complaint (Count I), including information about the "categories of documents" withheld by the EEOC under FOIA exemption 7(a) as identified on Exhibit J and referenced by the EEOC in its Opposition to an expedited *Vaughn* Index.[1]  However the interrogatories and 30(b)(6) deposition topics <u>also</u> seek information

---

[1]  Exhibit J to the Complaint, the EEOC's denial of Watkins' administrative appeal of its FOIA request, states in its entirety concerning "DOCUMENTS WITHHELD PURSUANT TO

3

CASE NO.  8:05-CV-01065-SCB-TBN

about Plaintiff's claims in Counts II and III of the Complaint, including information about the

EEOC's denial of Plaintiff's request made <u>outside of FOIA</u> for copies at Plaintiff's expense of

the information submitted by Plaintiff to the EEOC in the course of the EEOC's investigation of

a charge of discrimination against Plaintiff, and information concerning the EEOC's grounds for

denial of Plaintiff's request for copies and for denial of Plaintiff's proposed settlement of the

charge at issue.  *See* D.E. 17, Ex. A and B.  On its face, such discovery is reasonably calculated

to lead to admissible evidence, and is therefore entirely relevant and appropriate absent an

applicable privilege.

In response, the EEOC has now filed a Motion for Protective Order or Order to Preclude

Discovery.  In its Motion, the EEOC first seeks an order barring <u>all</u> discovery, of <u>any</u> kind or

nature, by Plaintiff in this action.  As a fallback alternative, the EEOC seeks to prevent any and

all discovery until <u>after</u> the EEOC has filed its dispositive motion in this case.  In other words, the

EEOC seeks to prevent Plaintiff from obtaining <u>any</u> discovery, of any kind or nature, at least such

---

EXEMPTION (B)(7)(A) TO THE FOIA":
    Administrative documents reflecting charge information.
    Correspondence and documents between Commission and Charging Party regarding the investigation.
    Affidavits, applicant records and position statement regarding employment of Charging Party.
    Internal documents comprising selective facts, predecisional analysis, and recommendations.
*See* Ex. J to Complaint.

4

CASE NO.  8:05-CV-01065-SCB-TBN

time as the discovery would be too late to assist Plaintiff in the filing of its motion for summary judgment.   For the following reasons, the EEOC's Motion should be denied in its entirety.

### DISCUSSION

Fed. R. Civ. P. 26(b)(1) on " Discovery Scope and Limits" provides that in general, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party", and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence".  Rule 26(b)(2) in turn provides that the court may limit discovery if: (1) the court determines that the discovery sought is unreasonably cumulative or duplicative, (2) the discovery is obtainable from some other source that is more convenient, less burdensome, or less expensive, (3) the party seeking discovery has had ample opportunity by discovery in the action already to obtain the information sought, or (4) the burden or expense of the proposed discovery outweighs its likely benefit.

In its motion for protective order, the EEOC does not argue other than in a conclusory way that the information sought is irrelevant to Plaintiff's claims in this action, nor does the EEOC assert that the information sought in discovery is privileged, nor that any of the limitations on discovery set out in Rule 26(b)(2) apply.  The EEOC could not in good faith make such arguments, for the interrogatories and the 30(b)(6) deposition topics seek discovery on matters that <u>are</u> relevant, and such matters are <u>not</u> privileged or subject to any limitation in 26(b)(2).

CASE NO.  8:05-CV-01065-SCB-TBN

Instead, the EEOC simply argues that Plaintiff should be categorically barred from any and all discovery in this action because discovery has been limited or denied in some other FOIA cases.   In the cases cited, however, the agency demonstrated that one of the grounds for a protective order set forth in Rule 26(c) has been met, *i.e.*, that absent an order the agency would suffer "annoyance, embarrassment, oppression, or undue burden or expense".   Alternatively, the cases cited concern the sufficiency of evidence to support summary judgment or the need for discovery to respond to a summary judgment motion pursuant to Rule 56(f), and not the availability of discovery in this case.

In short, the EEOC makes no effort whatsoever to satisfy the requirements of Rule 26(c) for a protective order here.   Where the EEOC has not and cannot show that the particular discovery at issue here should not be had, and alternatively has not and cannot show that the particular discovery at issue should not be had until after Plaintiff's opportunity to file a summary judgment motion has passed, the EEOC's motion for protective order should be denied. Moreover, the EEOC's motion for an order barring any and all discovery, of any kind or nature, is not ripe and seeks an advisory opinion from this Court and also should be denied.

**A.     Discovery into whether the documents withheld under FOIA are exempt from disclosure is relevant and should be permitted.**

It has long been held that discovery into whether withheld documents are, in fact, exempt from disclosure under FOIA is entirely appropriate under the Federal Rules of Civil Procedure, and in fact such discovery is important where the agency has exclusive possession of the

6

CASE NO.  8:05-CV-01065-SCB-TBN

information necessary for the court to make a determination on the merits of the exemption asserted. *See Ray v. Turner*, 587 F.2d 1187, 1219 (D.C. Cir. 1978) ("Interrogatories and depositions are especially important in a case where one party has an effective monopoly on the relevant information"); *see also Schaffer v. Kissinger*, 50 F.2d 389, 290 (D.C. Cir. 1974) (where "[f]acts respecting the [exemption claim] in question are solely in control of the [agency]" discovery should be granted "for the purpose of uncovering facts which might prove [a requestor's] right of access to the documents he seeks"). The discovery Plaintiff seeks goes directly to whether in fact exemption 7(a) allows for the withholding of documents in each of the categories of documents withheld by the EEOC, and should be permitted.

Moreover, several courts have stressed the importance of discovery in a case such as this, for "a person requesting access to agency records under the Privacy Act or FOIA is entitled to as complete and accurate an explanation of the reasons for nondisclosure of sought-after information as the agency is able to provide." *Londrigan v. FBI*, 670 F.2d 1164, 1175 n.63 (D.C. Cir. 1981). The *Londrigan* court found that even though the Plaintiff was allowed to submit written interrogatories, he also should have been permitted to "obtain the insights of the agents who actually prepared the documents in dispute" through depositions. *Id.* at 1175. So, too, Plaintiff is entitled to obtain the insights of the decision makers who determined that each category and/or document requested should be withheld under FOIA, through interrogatories and deposition as propounded in this case.

7

CASE NO.  8:05-CV-01065-SCB-TBN

Finally, to prove interference with a law enforcement proceeding as required for exemption under 7(a), the agency must be "specific as to what information is being withheld and the distinct harm that could result from its disclosure." *Scheer v. U.S. Dept. of Justice*, 35 F. Supp. 2d 9, 14 (D.D.C. 1999). Thus discovery into specifically what information is being withheld, and the reasons for withholding each category of documents and the documents within each category - including the distinct harm that could result from disclosure of each document and category of documents - is undoubtedly relevant, and is not asserted to be subject to any privilege.  In consequence, the EEOC's motion for protective order should be denied.

**B.      Discovery is appropriate because there is evidence suggesting bad faith in the EEOC's handling of the FOIA request.**

Discovery has been found particularly appropriate in FOIA cases where there is a suggestion of bad faith on the part of the agency withholding documents.  *See, e.g., Van Strum v. United States Envtl. Protection Agency*, 680 F.Supp. 349, 352 (D. Or. 1987);  *Hawthorne Management Services, Inc. v. Dept. of Housing & Urban Development*, 1997 WL 821767 (D.Conn.). Because such a suggestion exists here, Plaintiff should be entitled to the discovery it seeks.

More specifically, in this case when Plaintiff first requested <u>outside of FOIA</u>  copies of documents it had provided to the EEOC in the agency's investigation, at Plaintiff's expense, the EEOC investigator stated that "the Commission would agree to [the Plaintiff's] request… if [the Plaintiff] plans to cooperate with the EEOC's investigation and furnish the requested documents

CASE NO.  8:05-CV-01065-SCB-TBN

in a mutually agreed upon date."  The EEOC investigator went on to say that "if however the Respondent plans not to cooperate with the Commission' request, it is unlikely that we would furnish you with the copies." D.E. 1, Ex. C.  No mention whatsoever was made by the agency at that time that providing Plaintiff with the copies requested might interfere with the EEOC's proceedings and thus could not be granted. It is only after this inappropriate "quid pro quo" for copies proved unsuccessful on the part of the EEOC as a means of obtaining additional documents from Plaintiff, and Plaintiff thereafter submitted a FOIA request for the same materials it had sought outside of FOIA, that interference with law enforcement proceedings was raised by the EEOC as a reason not to produce the requested materials pursuant to FOIA Exemption 7(a). Such circumstances suggest that the EEOC's assertion of exemption from disclosure under 7(a) may be in bad faith, and thus Plaintiff should be permitted to inquire into this matter in discovery in this case.

Moreover, the case law holds that Exemption 7(a) does not apply where the requesting party and the agency both have copies of the requested material, and the EEOC's reliance on this exemption in such circumstances thus provides another indication of possible bad faith on the part of the EEOC by its refusal to produce under FOIA at least those documents provided to the EEOC by Plaintiff. *See Lion Raisins v. U.S. Dept. of Agriculture*, 354 F.3d 1072, 1085 (9th Cir. 2004); *Dow Jones Co. v. FERC*, 219 F.R.D. 167, 173 (C.D.Cal. 2003).  Plaintiff therefore should be permitted to engage in discovery into the circumstances surrounding the denial of its original request for copies, the EEOC's "quid pro quo" proposal, and the subsequent assertion of

CASE NO.  8:05-CV-01065-SCB-TBN

exemption 7(a), as such discovery is relevant not only to Watkins' FOIA count but also to Counts II and III of the Complaint.  For these reasons, the EEOC's motion should be denied as well.

**C.     Discovery into Counts II and III of the Complaint is appropriate and not subject to any restrictions other than relevance and privilege, neither of which has been asserted with particularity by the EEOC in its Motion.**

The movant bears the burden of establishing the appropriateness of a protective order under Rule 26(c).  The EEOC has failed to demonstrate why the particular discovery sought here should not be had.  To the contrary, the interrogatories and deposition topics propounded by Plaintiff are directly related to the allegations in this three-Count Complaint, and should be permitted in their entirety and a protective order with respect to that discovery should be denied. *Cf. Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n. 37 (11th Cir. 1997) ( "The scope of allowable discovery is determined by the claims (and defenses) raised in the case.").

Furthermore, because the EEOC has offered no basis for a general bar on all discovery by Plaintiff, or for barring discovery until after the dispositive motion deadline has passed for the EEOC <u>and</u> Plaintiff, the EEOC's motion seeking such orders from the Court also should be denied.

## CONCLUSION

WHEREFORE, Plaintiff respectfully asserts that the Court deny the EEOC's motion in its entirety and with prejudice, and provide Plaintiff with such other relief as the Court deems just and proper.

10

CASE NO. 8:05-CV-01065-SCB-TBN

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Attorneys for Plaintiff
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:    (305) 789-3395


By:    /s/ Joan M. Canny
           JOAN M. CANNY
           Florida Bar No. 0492531
           jcanny@swmwas.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Defendants' counsel Erin Norris at: erin.norris@eeoc.gov.


      /s/ Joan M. Canny
         JOAN M. CANNY, ESQUIRE

11

CASE NO.  8:05-CV-01065-SCB-TBN

G:\W-LIT\37587\001\FOIA Complaint, etc\oppmotprotect1114.wpd