UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WATKINS MOTOR LINES, INC.
a Florida corporation,

        Plaintiff,

v.                                       Case No. 8:05-Civ-1065-T-24 TBM

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
ET AL.,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion for Summary Judgment (Doc. No. 26) to the extent that it seeks summary judgment on Count I.[1]  Plaintiff has filed a response in opposition (Doc. No. 49), and Defendants have filed a reply thereto (Doc. No. 56).

## I.  Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-

---

[1]In a previous order (Doc. No. 43), the Court granted summary judgment in favor of Defendants as to Count III, denied summary judgment as moot as to Count II, and denied summary judgment as to Count I to the extent that Defendants claim that exemption 7(A) applies to the applicant records that Plaintiff provided the EEOC.

moving party's case.  Id. at 325.

When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  Id. at 324.  In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

## II.  Background

On September 19, 2004, Lyndon Jackson, an African-American man, filed a charge of discrimination against Plaintiff with the EEOC.  In the charge, Jackson alleged that he was denied employment as a part-time freight worker because of his conviction for aggravated sexual abuse and that Plaintiff's refusal to hire him due to his conviction constituted unlawful discrimination because of his race.

Thereafter, Plaintiff filed a three-count complaint for the production of documents in the possession of the EEOC relating to the EEOC's investigation of Jackson's charge of discrimination.  In Count I, Plaintiff asserts a claim for violation of the Freedom of Information Act ("FOIA").  Defendants argue that they are entitled to withhold the requested documents under an exemption contained in the FOIA.  Specifically, Defendants argue that they are entitled to withhold the documents pursuant to 5 U.S.C. § 552(b)(7)(A), which provides an exemption for "records or information compiled for law enforcement purposes, but only to the extent that

the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings."

Defendants have submitted the affidavit of Stephanie Garner, Assistant Legal Counsel/FOIA Programs for the EEOC, in support of their contention that the requested documents are exempt.  (Doc. No. 27-2)  Specifically, the Garner affidavit categorizes the documents in the EEOC's possession as follows: (1) documents and notes that reflect the status of the charge and the progress of the investigation, and what actions have been, or will be taken, in the processing and investigation of the charge; (2) correspondence between the EEOC and the charging party and any information that the charging party provided the EEOC in support of, or related to, his charge of discrimination; (3) notes compiled by the EEOC in connection with the interviews of witnesses and potential witnesses; and (4) communication among EEOC employees, investigator notes, and other internal documents reflecting analysis of the charge, and records and discussions regarding how to best proceed with the investigation.[2]  Additionally, the Garner affidavit explains the harm that could result from the disclosure of the documents in each category.

### III.  Motion for Summary Judgment as to Count I

"As a general proposition, a person is entitled to access to government records about

---

[2]There are two additional categories of documents: (1) applicant records obtained from Plaintiff during the investigation and (2) information which Plaintiff created or received during the investigation that the EEOC assumes that Plaintiff has copies of (i.e., correspondence between Plaintiff and the EEOC, and copies of court filings).  With respect to the applicant records, the Court has already found that this category of documents is not exempt.  (Doc. No. 43).  With regards to the documents consisting of information which Plaintiff created or received during the investigation that the EEOC assumes that Plaintiff has copies of, Defendants did not claim an exemption for these documents, and they provided Plaintiff with a copy of these documents since the filing of their motion for summary judgment.

himself or herself unless the records are exempt." <u>Miscavige v. I.R.S.</u>, 2 F.3d 366, 367 (11th Cir.

1993).  Defendants argue that they are entitled to withhold the documents at issue pursuant to

Exemption 7(A), which provides an exemption for "records or information compiled for law

enforcement purposes, but only to the extent that the production of such law enforcement records

or information . . . could reasonably be expected to interfere with enforcement proceedings."  5

U.S.C. § 552(b)(7)(A)

> The Eleventh Circuit has stated:
>
> Some exemptions turn on protected information contained in the records.  But the
> information in the records or documents that requires the government to withhold
> them cannot be made known to the citizen seeking access, who therefore can
> never accurately make a judgment that such records are in fact exempt.  To
> accommodate this problem certain procedures have been worked out.  Once a
> person has shown that the government has records that should be produced under
> the FOIA, absent an exemption, the burden of proof is on the government to
> establish that a given document is exempt from disclosure. . . . In reviewing
> determinations by the district court under FOIA, we must decide whether the
> district court had an adequate factual basis to render a decision that is not clearly
> erroneous.

<u>Miscavige</u>, 2 F.3d at 367 (internal citations omitted).  Furthermore, "[b]ecause FOIA's purpose

is to encourage disclosure, its exemptions are to be narrowly construed."  <u>Moye, O'Brien,</u>

<u>O'Rourke, Hogan, & Pickert v. National Railroad Passenger Corp.</u>, 376 F.3d 1270, 1277 (11th

Cir. 2004)(citations omitted).

> With regards to Exemption 7(A):
>
> [The exemption] does not permit the Government to withhold all information
> merely because that information was compiled for law enforcement purposes.
> Instead, an agency seeking to shield records or information behind [the
> exemption] must show that disclosure could reasonably be expected perceptibly
> to interfere with an enforcement proceeding.  The Government need not establish
> that release of a particular document would *actually* interfere with an enforcement
> proceeding.  Rather, the government need show only that, with respect to
> particular kinds of enforcement proceedings, disclosure of particular kinds of

> investigatory records while a case is pending would generally interfere with
> enforcement proceedings.  It is accordingly well-established that the Government
> may justify its withholdings by reference to generic categories of documents,
> rather than document-by-document.

 Solar Sources, Inc. v. United States, 142 F.3d 1033, 1039 (7th Cir. 1998)(internal quotations

omitted; internal and external citations omitted).

　　　Defendants argue that they have met their burden of showing that the remaining four

categories of documents are exempt.  In response, Plaintiff argues that there are genuine issues

of material fact regarding (1) whether there is a law enforcement proceeding, and (2) whether

disclosure of the documents would interfere with the alleged law enforcement proceeding.  For

the reasons stated below, the Court finds that Defendants have met their burden of proving that

the documents at issue are exempt, because they were compiled for a law enforcement purpose,

and disclosure could reasonably be expected to interfere with enforcement proceedings.

### A.  Compiled for a Law Enforcement Purpose

　　　The Court has previously found that Defendants have shown that the documents at issue

were compiled for a law enforcement purpose.  (Doc. No. 43).  Specifically, the Court has found

that the records were compiled during the EEOC's investigation into a charge that Plaintiff

violated federal law by discriminating against the charging party.  Since the records were

compiled while the EEOC was investigating an alleged violation of federal law, the records were

compiled for law enforcement purposes.  See, e.g., Pratt v. Webster, 673 F.2d 408, 420 (D.C.

Cir. 1982)(stating that in order for Exemption 7 to apply, the agency's investigatory activities

that give rise to the documents sought must be related to the enforcement of federal laws);

Cappabianca v. Commissioner, U.S. Customs Service, 847 F. Supp. 1558, 1565 (M.D. Fla.

1994)(stating that records of an investigation are compiled for law enforcement purposes if they

5

focus on acts that could result in civil or criminal sanctions if the acts are proven); <u>Davin v. U.S. Dep't of Justice</u>, 60 F.3d 1043, 1054 n.3 (3d Cir. 1995)(noting that the EEOC, in investigating violations of Title VII, may also justify withholding information in certain circumstances under Exemption 7); <u>Martinez v. EEOC</u>, 2004 WL 2359895, at *2 (W.D. Tx. Oct. 19, 2004)(finding that the EEOC's investigation into a charge of discrimination resulted in information compiled for law enforcement purposes).

### B.  Effect of Disclosure on Enforcement Proceedings

This issue now before the Court is whether disclosure of the remaining four categories of documents could reasonably be expected to interfere with enforcement proceedings.[3]  Plaintiff argues that there are genuine issues of material fact regarding (1) whether there is a law enforcement proceeding, and (2) whether disclosure of the documents would interfere with the alleged law enforcement proceeding.  Accordingly, the Court will address each argument.

### 1.  Law Enforcement Proceedings

Plaintiff argues that there is a genuine issue of material fact regarding whether there is a concrete, prospective law enforcement proceeding.  Specifically, Plaintiff argues that (1) the EEOC should have allowed Jackson to withdraw his charge of discrimination, and if it had, there would be no law enforcement proceeding; and (2) there has been a complete lack of activity in the EEOC's investigation of Jackson's charge, which shows that there is no concrete, prospective law enforcement proceedings.  For the reasons stated below, the Court rejects both arguments.

---

[3]The EEOC's investigation of the charge may lead to the EEOC initiating enforcement proceedings in a district court.

## a.  Withdrawal of Charge of Discrimination

On January 24, 2006, Jackson made a request for the withdrawal of his charge of discrimination.  (Doc. No. 38-1).  On February 13, 2006, the EEOC denied Jackson's request. (Doc. No. 46-2).  Thereafter, on March 8, 2006, Plaintiff filed suit seeking judicial review of the EEOC's denial of consent to withdraw the charge.[4]

Plaintiff argues that this Court must determine whether the EEOC's denial of consent to withdraw the charge was unlawful, or the Court must stay these proceedings until the case seeking judicial review of that decision is resolved, in order to determine whether there is a concrete, prospective law enforcement proceeding.  The Court rejects this argument.

Pursuant to 29 C.F.R. 1601.10, a charge can only be withdrawn if the EEOC consents to its withdrawal, and consent can only be given where the withdrawal of the charge will not defeat the purposes of Title VII.  As such, the fact that Jackson requested a withdrawal of his charge does not mean that there is no prospective law enforcement proceeding.  See EEOC v. Morgan Stanley & Co., Inc., 132 F. Supp.2d 146, 153 (S.D.N.Y. 2000)(stating that the EEOC can pursue investigations of charges of discrimination even if the charging party moves to withdraw his charge).  Furthermore, the fact that Plaintiff is challenging the EEOC's denial of consent to withdraw the charge does not raise a genuine issue of material fact as to whether there is currently a prospective law enforcement proceeding.  See E.E.O.C. v. Frank's Nursery & Craft's, Inc., 177 F.3d 448, 456 (6th Cir. 1999)(stating that "[i]f the EEOC denies an individual consent to withdraw her charge, the EEOC may proceed under Title VII to prosecute its own civil action against an employer on the basis of that charge).

---

[4]Watkins Motor Lines, Inc. v. EEOC, et al., 8:06-cv-383-T-30-TGW.

### b.  EEOC's Investigation

Next, Plaintiff argues that there has been no investigation of Jackson's charge conducted in a year.  Furthermore, Plaintiff points out that no action has been taken on Plaintiff's petition to revoke the administrative subpoena that was filed in April of 2005, despite the fact that the EEOC's investigative procedures provide that the petition should be granted in its entirety or a recommended determination for Commission action should be submitted within eight calendar days of receipt or as soon as practicable.  The Court rejects these arguments.

Garner states in her affidavit that the investigation of Jackson's charge is ongoing. (Garner affidavit, ¶ 5, 10).  There is no evidence before this Court that would raise a genuine issue of material fact regarding whether the investigation is ongoing, and as such, the Court rejects Plaintiff's unsupported allegations to the contrary.  While it appears that Plaintiff's petition to revoke the administrative subpoena may not have yet been ruled on, such does not show that the investigation into Jackson's charge is not ongoing.

### 2.  Interference Caused By Disclosure

Next, Plaintiff argues that there are genuine issues of material fact regarding whether disclosure of the documents at issue would interfere with enforcement proceedings.  However, a review of the relevant case law supports Defendants' position that disclosure of the documents at issue could reasonably be expected to interfere with enforcement proceedings.

In National Labor Relations Board v. Robbins Tire & Rubber Co., 437 U.S. 214, 216 (1978), the issue before the Supreme Court was whether the FOIA required the National Labor Relations Board to disclose, prior to its hearing on an unfair labor practice complaint, statements of witnesses whom the Board intended to call at the hearing.  The Board relied on Exemption

7(A) in support of its position that the statements were exempt from disclosure, and the Supreme

Court agreed that the statements were exempt.  See id. at 217, 243.

The Supreme Court stated:

In originally enacting Exemption 7, Congress recognized that law enforcement
agencies had legitimate needs to keep certain records confidential, lest the
agencies be hindered in their investigations or placed at a disadvantage when it
came time to present their case.  Foremost among the purposes of this Exemption
was to prevent harm [to] the Government's case in court by not allowing litigants
earlier or greater access to agency investigatory files than they would otherwise
have.

Id. at 224-25 (internal quotations and citations omitted).  The Supreme Court then discussed the

legislative history behind the 1974 amendment to the FOIA:

Thus, the thrust of congressional concern in its amendment of Exemption 7 was to
make clear that the Exemption did not endlessly protect material simply because
it was in an investigatory file. . . . [The purpose of one of the proposals to amend
the FOIA] was to indicate that with passage of time, when the investigation is all
over and the purpose and point of it has expired, it would no longer be an
interference with enforcement proceedings and there ought to be disclosure.  The
tenor of this description of the statutory language clearly suggests that the release
of information in investigatory files prior to the completion of an actual,
contemplated enforcement proceeding was precisely the kind of interference that
Congress continued to want to protect against.  Indeed, Senator Hart stated
specifically that Exemption 7(A) would apply whenever the Government's case in
court--a concrete prospective law enforcement proceeding--would be harmed by
the premature release of evidence or information.

Id. at 231-32 (internal quotations and citations omitted).

The Supreme Court "conclude[d] that Congress did not intend to prevent the federal

courts from determining that, with respect to particular kinds of enforcement proceedings,

disclosure of particular kinds of investigatory records while a case is pending would generally

'interfere with enforcement proceedings.'"  Id. at 236.  Therefore, the Supreme Court found "that

witness statements in pending unfair labor practice proceedings are exempt from FOIA

disclosure at least until completion of the Board's hearing." Id. at 236.  The Court noted that "[h]istorically, the NLRB has provided little prehearing discovery in unfair labor practice proceedings and has relied principally on statements such as those sought [by the plaintiff] . . . to prove its case."  Id.

The Supreme Court stated that "[t]he most obvious risk of 'interference' with enforcement proceedings in this context is that employers . . . will coerce or intimidate employees and others who have given statements, in an effort to make them change their testimony or not testify at all."  Id. at 239.  Therefore, the Court stated:

> [P]rehearing disclosure of witnesses' statements would involve the kind of harm that Congress believed would constitute an "interference" with NLRB enforcement proceedings: that of giving a party litigant earlier and greater access to the Board's case than he would otherwise have. . . . [E]ven without intimidation or harassment a suspected violator with advance access to the Board's case could construct defenses which would permit violations to go unremedied.  This possibility arises simply from the fact of prehearing disclosure of any witness statements, whether the witness is favorable or adverse, employee or nonemployee.

Id. at 241-42 (internal citations and quotations omitted).

Three Justices wrote a concurring opinion, stating:

> A statute that authorized discovery greater than that available under the rules normally applicable to an enforcement proceeding would "interfere" with the proceeding in that sense.  The Court quite correctly holds that the Freedom of Information Act does not authorize any such interference in Labor Board enforcement proceedings.  Its rationale applies equally to any enforcement proceeding.

Id. at 243.

Thereafter, in J.P. Stevens & Co., Inc. v. Perry, 710 F.2d 136 (4th Cir. 1983), Exemption 7(A) was analyzed in a context similar to the instant case.  In J.P. Stevens, a charge of discrimination was filed against the plaintiff.  See id. at 137  Thereafter, the plaintiff filed suit

10

against the EEOC under the FOIA.  <u>See</u> <u>id.</u> at 138.  The documents that the plaintiff sought

disclosure of included: (1) internal memos between various offices of the EEOC concerning the

processing of charges filed, (2) correspondence between the charging parties and the EEOC, (3)

affidavits of the charging parties, (4) affidavits of fellow employees and other witnesses, (5)

transcribed interviews of the charging parties, (6) an internal justification memo in support of the

charge, and (7) internal memos between various offices of the EEOC pertaining to the filing of

charges against the plaintiff.  <u>See</u> <u>id.</u> at 142.  The EEOC argued that exemption 7(A) applied, and

the court agreed, finding that disclosure of these documents would interfere with any

enforcement proceeding that might stem from the investigation.  <u>See</u> <u>id.</u> at 143.  Specifically, the

court stated:

> Premature disclosure of these documents would (1) create a "chilling effect" on
> potential witnesses and dry up sources of information, particularly those of
> charging parties and their attorneys; (2) hamper the free flow of ideas between
> Commission employees and supervisors or with other governmental agencies; (3)
> hinder its ability to shape and control investigations; and (4) make more difficult
> the future investigation of charges and enforcement thereof.  It is obvious that
> plaintiff brought this action with the intention of using the freedom of information
> act as a discovery tool.  *Robbins Tire* makes clear that such premature discovery
> was not intended and is the type of "interference" prohibited by exemption 7(A).

<u>Id.</u> (citing <u>Robbins Tire</u>, 437 U.S. at 241-43).

Based on the above, the Court concludes that disclosure of the documents at issue in the

instant case could reasonably be expected to interfere with enforcement proceedings.

Accordingly, the Court will address each category of documents.

### a.  EEOC's Documents Reflecting the Progress of the Investigation

The first category of documents consist of documents and notes that reflect the status of

the charge and the progress of the investigation, and what actions have been, or will be taken, in

the processing and investigation of the charge.  In her affidavit, Garner explains the harm that could result from the disclosure of the records in this category, which consists of (1) giving Plaintiff insight into the progress, scope, and direction of the agency's investigation, thus hindering the agency's ability to shape and control the investigation, and (2) hampering the free flow of information and ideas between Commission employees and supervisors and discouraging employees from properly documenting the file.

Plaintiff argues that the Court should not consider the allegation that disclosure would hamper the free flow of information and ideas between Commission employees and supervisors and discourage employees from properly documenting the file.  Instead, Plaintiff argues that "an awareness on the part of agency employees that their handling of the file will be subject to public scrutiny would more likely encourage agency employees to take additional care with the file rather than discouraging them from managing the file properly."  (Doc. No. 49, p. 7).  The Court rejects this argument, since this alleged harm has been recognized in a factually similar context as one that could arise and reasonably be expected to interfere with enforcement proceedings.[5] See J.P. Stevens, 710 F.2d at 142-43 (finding that internal memos concerning the processing of charges filed were exempt and recognizing that hampering the free flow of information and ideas between EEOC employees as a harm that could arise and reasonably be expected to interfere with enforcement proceedings).

Plaintiff also argues that there can be no harm from revealing the nature and scope of the agency's investigation, because the EEOC is only entitled to access evidence relevant to the

---

[5]Plaintiff also makes this argument with respect to the fourth category of documents.  The Court rejects this argument with respect to the fourth category as well.

charge under investigation, and Plaintiff is aware of the charge that has been filed.  As such, Plaintiff argues that it knows what the proper scope of the investigation is, and therefore, the fact that disclosure of the documents may reveal the nature and scope of the agency's investigation does not mean that disclosure could reasonably be expected to interfere with enforcement proceedings.  The Court rejects this argument.[6]

Plaintiff is correct that the scope of the EEOC's investigation is limited by the charge of discrimination.  See E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 64 (1984)(stating that the EEOC is only entitled to access evidence relevant to the charge under investigation)(citing 42 U.S.C. § 2000e-8(a)).  However, the limitation on the EEOC's investigative authority is not "especially constraining."  Id. at 68.  Instead, "courts have generously construed the term 'relevant' and have afforded the [EEOC] access to virtually any material that might cast light on the allegations against the employer."  Id. at 68-69.  Furthermore, the scope of a charge filed with the EEOC "'encompass[es] any kind of discrimination like or related to the allegations contained in the charge and growing out of such allegation during the pendency of the case before the'" EEOC. Turner v. Orr, 804 F.2d 1223, 1226 (11th Cir. 1986)(quoting Sanchez v. Standard Bands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)).  As such, the fact that Plaintiff knows the content of the charge of discrimination filed by Jackson does not mean that it knows the precise nature and scope of the investigation into that charge.  Furthermore, Defendants argue that disclosure of the complete scope of the investigation would allow Plaintiff to construct defenses to the charge. See Robbins Tire, 437 U.S. at 241.  Therefore, the Court finds that Defendants have shown that

---

[6]Plaintiff makes this argument with respect to all four categories of documents at issue. The Court rejects Plaintiff's argument as to all four categories of documents.

disclosure of these documents could reasonably be expected to interfere with enforcement

proceedings.  See J.P. Stevens,710 F.2d at 143; see also Solar Sources, 142 F.3d at 1039 (finding

material exempt from disclosure because it would reveal the scope and nature of the

Government's investigation).

<b>b.  Information from the Charging Party</b>

The second category of documents consist of correspondence between the EEOC and the

charging party and any information that the charging party provided the EEOC in support of, or

related to, his charge of discrimination. In her affidavit, Garner explains the harm that could

result from the disclosure of the documents in this category, which consists of (1) giving Plaintiff

insight into the progress, scope, and direction of the agency's investigation, thus hindering the

agency's ability to shape and control the investigation; (2) giving Plaintiff an opportunity to

prepare defenses and strategy; (3) disclosing potential sources of information that the EEOC has

not revealed to Plaintiff; (4) giving Plaintiff the opportunity to take preventative actions that

might impede the EEOC's ability to investigate; (5) preventing the EEOC from obtaining

information in the future, or at least making it more difficult to obtain, since the submitter of the

information may become reluctant; and (6) giving Plaintiff the opportunity to falsify or dispose

of records.

Plaintiff argues that the Court should not consider the allegation that Plaintiff may falsify

or dispose of records, since the Court found in a prior order (Doc. No. 43) that such was not a

legitimate concern with regards to the applicant records that Plaintiff submitted to the EEOC.

However, even if the Court disregards the allegation that Plaintiff may falsify or dispose of

records, Defendants have made a sufficient showing of harm that could reasonably be expected

14

to result from disclosure.[7]

Plaintiff also argues that there is no support for the allegation that disclosure could result in a chilling effect on potential witnesses, since it is Plaintiff's position that Jackson does not object to disclosure of these documents.  The Court, however, rejects this argument.  The fact that Jackson might not object to disclosure of these documents is not dispositive,[8] as Plaintiff has set forth specific harms that reasonably could be expected to result from the disclosure, including that it would reveal the nature and scope of the investigation and allow Plaintiff to construct defenses and strategies due to it having greater access to the EEOC's case than it would otherwise have.  Therefore, the Court finds that Defendants have shown that disclosure of these documents could reasonably be expected to interfere with enforcement proceedings.  See J.P. Stevens, 710 F.2d at 143; Robbins Tire, 437 U.S. at 241; Solar Sources, 142 F.3d at 1039.

### c.  Witness Interviews

The third category of documents consists of notes compiled by the EEOC in connection with the interviews of witnesses and potential witnesses.  In her affidavit, Garner explains the harm that could result from the disclosure of the documents in this category, which consists of (1) creating a chilling effect upon witnesses or potential witnesses, thus drying up sources of

---

[7]To the extent that Plaintiff argues that the Court should not consider the allegation that Plaintiff may falsify or dispose of records with respect to the remaining categories of documents, the Court notes that even if the Court disregards this allegation with respect to the remaining categories of documents, Defendants have made a sufficient showing of harm that could reasonably be expected to result from disclosure.

[8]The Court notes that there is no evidence before the Court that Jackson does not, in fact, object to the disclosure.  The only support for this contention is Plaintiff's counsel's allegation that Jackson told her that he does not have a problem with documents in this category being disclosed.

information; (2) providing Plaintiff with an opportunity to falsify or dispose of records; and (3)

giving Plaintiff a preview of the agency's investigative strategy and enabling it to create defenses

or otherwise make it more difficult to uncover or substantiate violations of the law.

 Plaintiff argues that there is no support for the allegation that disclosure could result in a

chilling effect on potential witnesses, since it is Plaintiff's position that its employee, Ted

Clinnin, is the only other witness in this case, and he does not object to disclosure of these

documents.[9]  (Doc. No. 30-3: Clinnin declaration).  The Court, however, rejects this argument.

The fact that Clinnin does not object to disclosure of these documents is not dispositive, as

Plaintiff has set forth specific harms that reasonably could be expected to result from the

disclosure, including that it would give Plaintiff a preview of the EEOC's investigative strategy

and enable Plaintiff to construct defenses due to it having greater access to the EEOC's case than

it would otherwise have.  Therefore, the Court finds that Defendants have shown that disclosure

of these documents could reasonably be expected to interfere with enforcement proceedings.

See J.P. Stevens,710 F.2d at 143; Robbins Tire, 437 U.S. at 241-42 (stating that the possibility of

harm from disclosure of witness statements arises regardless of whether the witness is favorable

to the person seeking disclosure); Solar Sources, 142 F.3d at 1039.

### d.  EEOC's Internal Documents Relating to the Charge

 The fourth category of documents consist of communication among EEOC employees,

investigator notes, and other internal documents reflecting analysis of the charge, and records

and discussions regarding how to best proceed with the investigation.  In her affidavit, Garner

---

[9]There is no evidence before this Court that Clinnin, in fact, is the only other witness in
this case.

explains the harm that could result from the disclosure of the documents in this category, which consists of (1) giving Plaintiff a preview of the EEOC's investigative strategy and enabling Plaintiff to create defenses or otherwise make it more difficult to uncover or substantiate violations of the law; (2) giving Plaintiff insight into which issues the EEOC considers more important, which issues are troublesome, the strategies the EEOC has formulated for meeting Plaintiff's attempts to disrupt the investigation, and evaluations of the facts, issues and actions of Plaintiff; (3) providing Plaintiff with an opportunity to falsify or dispose of records; (4) giving Plaintiff insight into the progress, scope, and direction of the EEOC's investigation, thus hindering the EEOC's ability to shape and control the investigation; and (5) hampering the free flow of information and ideas between Commission employees and supervisors.

Plaintiff argues that the Court should not consider the allegation that disclosure would give Plaintiff insight into which issues the EEOC considers more important, which issues are troublesome, the strategies the EEOC has formulated for meeting Plaintiff's attempts to disrupt the investigation, and evaluations of the facts, issues and actions of Plaintiff.  Plaintiff argues that just because disclosure may assist Plaintiff, it does not follow that disclosure will interfere with any suit to enforce Title VII.  Plaintiff further argues that it has a right to file a FOIA action to obtain information that is useful in a non-FOIA proceeding.  The Court rejects Plaintiff's arguments, because the harm described by Defendants is sufficient to show that disclosure of the documents in this category could reasonably be expected to interfere with enforcement proceedings.  See J.P. Stevens,710 F.2d at 142-43 (finding an internal justification memo in support of the charge to be exempt); Robbins Tire, 437 U.S. at 241; Solar Sources, 142 F.3d at 1039.

17

**e.  Plaintiff's Additional Argument**

Plaintiff also argues that disclosure of the documents that Defendants claim are exempt should be ordered, because disclosure could be beneficial as it may facilitate the resolution of the charge of discrimination.  Specifically, Plaintiff cites a portion of <u>E.E.O.C. v. Associated Dry Goods Corp.</u>, 449 U.S. 590 (1981), in which the Supreme Court stated the following when analyzing whether the EEOC was statutorily prohibited from disclosing information in the EEOC's investigatory files to the charging party:

> [L]imited disclosure [of information obtained during the EEOC's investigation] to the parties can speed the Commission's required investigation: the Commission can more readily obtain information informally--rather than through its formal powers under 42 U.S.C. § 2000e-9--if it can present the parties with specific facts for them to corroborate or rebut. . . . [L]imited disclosure enhances the Commission's ability to carry out its statutory responsibility to resolve charges through informal conciliation and negotiation: A party is far more likely to settle when he has enough information to be able to assess the strengths and weaknesses of his opponent's case as well as his own.

<u>Id.</u> at 600-01.

Defendants respond that while it may be true that providing a respondent during conciliation with certain information suggesting that discrimination has occurred could help the EEOC persuade the respondent to remedy its unlawful practices, releasing an entire investigative file to the subject of an investigation before the EEOC has been afforded the opportunity to fully investigate and evaluate the allegation of discrimination would hinder, rather than help, the investigation.  The Court agrees with Defendants and rejects Plaintiff's argument on this issue.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)      Defendants' Motion for Summary Judgment (Doc. No. 26) is **GRANTED** as to

18

Count I to the extent that Defendants claim that exemption 7(A) applies to the following categories of documents: (1) documents and notes that reflect the status of the charge and the progress of the investigation, and what actions have been, or will be taken, in the processing and investigation of the charge; (2) correspondence between the EEOC and the charging party and any information that the charging party provided the EEOC in support of, or related to, his charge of discrimination; (3) notes compiled by the EEOC in connection with the interviews of witnesses and potential witnesses; and (4) communication among EEOC employees, investigator notes, and other internal documents reflecting analysis of the charge, and records and discussions regarding how to best proceed with the investigation.

(2)     Defendants' Motion for Summary Judgment (Doc. No. 26) is **DENIED** as to Count I to the extent that Defendants claim that exemption 7(A) applies to the applicant records that Plaintiff provided to the EEOC.

(3)     The Court declares that the EEOC is required to produce and disclose to Plaintiff a copy of the applicant records that Plaintiff provided to the EEOC.

(4)     The Clerk is directed to enter judgment as follows:

      (a)     in favor of Defendants on Count III;

      (b)     in favor of Plaintiff on Count I to the extent that Plaintiff seeks a declaration from the Court that the EEOC is required to produce and disclose to Plaintiff a copy of the applicant records that Plaintiff provided to the EEOC;

(c)     in favor of Defendants on Count I to the extent that Plaintiff seeks

a copy of the following categories of documents in the EEOC's

possession: (1) documents and notes that reflect the status of the

charge and the progress of the investigation, and what actions have

been, or will be taken, in the processing and investigation of the

charge; (2) correspondence between the EEOC and the charging

party and any information that the charging party provided the

EEOC in support of, or related to, his charge of discrimination; (3)

notes compiled by the EEOC in connection with the interviews of

witnesses and potential witnesses; and (4) communication among

EEOC employees, investigator notes, and other internal documents

reflecting analysis of the charge, and records and discussions

regarding how to best proceed with the investigation.

(5)     The Clerk is directed to close the case.[10]

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2006.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[10]The case does not need to remain open in order for the Court to consider any motions for attorney's fees and costs.